WILLIAMS v. IRON BELT BUILDING AND LOAN ASSOCIATION.

(Filed November 11, 1902.)

1. SERVICE OF PROCESS—*Foreign Corporations—The Code, Sec. 874—Acts 1901, Chap. 5.*

   A summons issued by a justice of the peace against a non-resident corporation need not be served 10 days before the trial, where served on the secretary of the state corporation commission, the non-resident corporation not having appointed an agent in this state upon whom service could be made.

2. LIMITATIONS OF ACTIONS—*Usury—Foreign Corporation—The Code, Secs. 162, 166, 1498, 3836—Acts 1901, Chap. 5.*

   An action against a foreign corporation to recover usury may be begun within two years from the time there is someone in the state upon whom service can be made.

ACTION by A. B. Williams against the Iron Belt Building and Loan Association and J. S. Manning, trustee, heard by Judge *Walter H. Neal,* at January Term, 1902, of the Superior Court of DURHAM County. From a judgment for the defendants, the plaintiff appealed.

*Winston & Fuller,* for the plaintiff.
*Manning & Foushee,* for the defendants.

CLARK, J. If it be conceded, as defendant claims, that all previous proceedings were discontinued by the failure to issue aliases, this action to recover the penalty for usury "double the amount of interest paid," Code, Sec. 3836, began by the issue of a summons by a Justice of the Peace, 25 May, 1901. This was served in Durham County upon the secretary of the Corporation Commission, as provided by Chapter 5, Laws 1901, the defendant being a non-resident corporation doing business here and not having appointed an agent in this State upon whom service could be made. This

summons was returnable 30 May, 1901, when the plaintiff obtained judgment for $200. Upon appeal to the Superior Court, Shaw, J., at September Term, 1901, set aside the judgment as irregular, because summons had not been served ten days before trial (Code, Sec. 874), and remanded the case to the justice, and the plaintiff's exceptions were entered on the record. On 4 January, 1902, the justice dismissed the action "in deference to the ruling of Judge Shaw," and plaintiff appealed.

On 30 May, 1901, the plaintiff began his action in the Superior Court, alleging the judgment for $200 he had that day obtained before the Justice of the Peace (as above stated), that the defendant held a mortgage against the plaintiff, claiming a balance due thereon of $150, under which the property had been advertised for sale, asking for a cancellation of the mortgage and an injunction. A restraining order was granted.

These two actions were consolidated, and at January Term, 1902, a jury trial being waived by consent of parties, the facts were found by Neal, J., who found, in addition to the above recitals (and sundry matters that are immaterial in the view we have taken) that the defendant had collected usury. It was admitted that the last payment of interest was made 4 January, 1898, and that the defendant was then, and has been ever since, a non-resident corporation upon whom service could not then, nor at any time since, have been made (it having no agent in this State) until the enactment of Chapter 5, Laws 1901, ratified 15 March of that year. His Honor being of opinion that the action was barred, not having been begun within two years from the last payment of interest, decided against the plaintiff, and authorized a sale of plaintiff's property for the balance due under the mortgage.

The Code, Sec. 874, on its face, applies only to cases in which a justice's summons has been issued against a defend-

ant residing in another county, and has no application to a case like the present. There was error in the judgment at September Term, 1901, setting aside the judgment for irregularity, and remanding the case to the justice. The plaintiff preserved his right to have such judgment reviewed by causing his exception to be noted on the record.

Under Chapter 69, Laws 1895, action to recover the penalty for usury may be brought within two years after payment in full of the indebtedness, but this debt having been contracted prior to that act, under its terms, falls under The Code, Sec. 3836, by which action must be brought within two years after the payment of the usury complained of. *Smith v. B. and L. Asso.,* 119 N. C., 257. But this two-years prescription is subject to the provisions of section 162 of The Code, that if, when a cause of action accrues against a person he shall be out of the State, or shall thereafter depart therefrom and reside out of the State, "the time of his absence shall not be deemed or taken as a part of the time limited for the commencement of such action." "The time *herein* limited" means, and must mean, the time prescribed elsewhere in The Code, or in statutes amending or passed as substitutes therefor. The plain intent of the statute is to put non-residents on the same footing as residents, and not to protect them from an action unless they have been for two years exposed to service of summons. *Armfield v. Moore,* 97 N. C., 34.

It was contended that this was an enabling statute, and not a statute of limitations. We see no reason why section 162 does not apply to this action as to any other. It is true that the statute, Code, Sec. 3836, created the liability, but that is true of a great many causes of action as to which, as here, the statute prescribes a term of years within which the action must be brought. The Code, Sec. 1498, gives the personal representative a right of action for wrongful death of his testator (or intestate), provided the action is brought

within a year.  In *Meekins v. Railroad,* at this term, we held that this section was subject to the provisions of The Code, Sec. 166, authorizing a new action within one year after a non-suit.  By the same reasoning, the two years within which an action may be brought under The Code, Sec. 3836, is to be construed in connection with the provisions of section 162, which provides that if the defendant departs from or resides out of the State, such action may be brought within two years after process can be served upon him—otherwise the statute would be illusory and partial in favor of non-residents.  *Armfield v. Moore,* 97 N. C., at page 38.

Since the enactment of Chapter 5, Laws 1901, will now expose such corporations to service of summons, cases like the present will very rarely, if ever, arise hereafter.

Error.