# FALL SESSIONS,

## 1905.

————•————

MARY E. LEWIS *vs.* PAWNEE BILL'S WILD WEST COMPANY.

*Case—Personal Injuries—Pleading—Demurrer—Statute of Limitations Passed in 1897; Not Affected by General Statute of Limitations.*

The statute of limitations passed in 1897 (*Chapter 594, Vol. 20 Laws of Delaware*) does not purport upon its face to be an amendment of, or a supplement to the general statute of limitations (*Chapter 123 Rev. Code*). It contains no exception, but declares simply and baldly that thereafter "no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained." It is therefore not subject to the exceptions named in said general statute of limitations.

(*September 18, 1905.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert H. Richards* and *John B. Hutton* for plaintiff.

*William S. Hilles and Frank M. Davis* for defendant.

Superior Court, New Castle County, September Term, 1905.

ACTION ON THE CASE (No. 3, September Term, 1904).

Demurrer to replication.

LORE, C. J. :—The plaintiff's cause of action set forth in the declaration in this case, is to recover for personal injuries alleged to

have been sustained by the negligence of the plaintiff, on May 5th, 1902, by the falling of seats negligently constructed at one of the defendant's show exhibitions at Dover in this State.

The action was instituted May 31, 1904.

The defendant pleaded the statute of limitations. The plaintiff replied that the defendant at the time of the accident was a foreign corporation, doing business in this State without having first complied with the laws thereof; that it had personal property in this State at the time and soon thereafter moved it out of the State, and did not have any property in the State since then, so as to be served with process, until about the time this action was brought.

To this replication defendant demurred generally.

The single question is whether this case comes within the exception of the statute of limitations.

*Chapter 594, Volume 20, Laws of Delaware,* provides as follows:

"Section 1. That from and after the passage of this act no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained.

"Section 2. That this act shall de deemed and taken to be a public act." Passed at Dover, May 28, 1897.

*Section 14, Chapter 123, Revised Code of 1893,* relating to ilmitation of personal actions reads as follows:

"Section 14. If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced, within the time herein limited therefor, after such person shall come into the State in such manner that, by reasonable diligence, he may be served with process; and if after a cause of action shall have accrued against any person, he shall depart from and reside out of the State, the time of his absence until he shall

LEWIS vs. PAWNEE BILL'S WILD WEST CO.  399

OPINION.

have returned into the State in manner aforesaid, shall not be taken as any part of the time limited for the commencement of the action."

The plaintiff urges, that the latter clause of said Section 14 of Chapter 123 covers this case, and should be read into and taken as a part of the act of 1897 before quoted, for the reason that the defendant removed its property out of the State soon after the accident, and did not have property in the State again, so that by reasonable diligence it could be served with process, until this action was brought.

The act of 1897 does not purport upon its face to be an amendment of, or a supplement to Chapter 123. It contains no exception, but declares simply and baldly that thereafter " no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from date upon which it is claimed that such alleged injuries were sustained."

It is true it deals with a particular class of cases embraced in actions upon the case named in the general statute of limitations ; but seems to deal with the subject entirely independent of the statute ; thus annulling so much of the general statute as may be inconsistent therewith ; not amending or supplementing the same.

In such cases, the rule is therefore well settled that unless there is an express provision in the statute in favor of persons under disability, it runs against them, as against all others.

*Am. & E. Ency. Law, Vol. 19, p., 212 ; Vance vs. Vance, 108 U. S., 521 ; McIvor vs. Riggin, 2 Wheat, U. S., 29.*

In the latter case, Chief Justice Marshall tersely says : "Courts cannot insert in the statute of limitations an exception which the statute does not contain."

In our judgment, said Chapter 594 is not subject to the exceptions named in the general statute of limitations, *Chapter 123, Revised Code.*

We think the weight of authority, as well as reason, sustains this view.

*Warfield vs. Fox, 53 Pa. St., 382 ; Rodebaugh vs. Phila. Traction Co., 190 Pa. St., 358 ; Patterson vs. Del. River Ferry Co., 190 Pa. St., 364.*

There are authorities, however, to the contrary, such as the case of *Williams vs. Iron Belt B. & L. Asso., 131 N. C., 267.*

The demurrer is therefore sustained.