In re BERKOWITZ.

(District Court, E. D. Pennsylvania. February 21, 1906.)

No. 2,173.

1. BANKRUPTCY—POWERS OF REFEREE—INJUNCTION TO STAY PROCEEDINGS OF STATE COURT OR OFFICER.

In Bankr. Act July 1, 1898, 30 Stat. 555, § 38a, cl. 4 [U. S. Comp. St. 1901, p. 3435], which, with stated exceptions, authorizes referees to perform such part of the duties conferred on courts of bankruptcy as

shall be prescribed by their rules or orders, "except as herein otherwise provided," the word "herein" refers to the entire act, including the general orders prescribed by authority of section 30, and the provision must be construed in connection with General Order 12, § 3 (89 Fed. vii; 18 Sup. Ct. vi), which denies to a referee jurisdiction to grant an injunction to stay proceedings of a court or officer of the United States or of a state.

2. SAME.

A referee, who has previously determined on a hearing before him that certain property does not belong to a bankrupt estate, but to a third person, has no further jurisdiction over such property, and cannot enjoin its seizure by a sheriff under a writ of replevin issued from a state court, in an action brought therein by the trustee against such third person, even if otherwise vested with such power.

In Bankruptcy. On certificate of referee.

Bernard Harris, for trustee.
Julius C. Levi, for bankrupt.

J. B. McPHERSON, District Judge. The following excerpt from the report of the learned referee sets forth the facts upon which the question for decision arises:

"On the 7th day of February, 1905, Morris Berkowitz was duly adjudicated a bankrupt. The said Morris Berkowitz kept a store where he sold shoes in retail, and on the date he was adjudicated bankrupt he filed in the District Court of the United States for the Eastern District of Pennsylvania, a schedule of all his property, alleging that he had shoes in stock only to the amount of $464.

"On the 13th of May, 1905, the trustee of the bankrupt estate presented a petition to the referee setting forth, in substance: That he took possession of said assets of said estate, and had an appraisement made. In accordance with the request of the bankrupt he set aside property of the estate appraised by the appraisers to be of the value of about $290 and included in the property so set aside for the exemption 660 pairs of shoes and rubbers.

"Upon his information and belief, the petitioner averred that a large quantity of the shoes at present situated at 2207 Ridge avenue consist of shoes sold to the said Morris Berkowitz by creditors prior to his adjudication in bankruptcy, and that said creditors have not sold him any goods since his adjudication in bankruptcy. That the amount of goods now in the possession and control of the said Morris Berkowitz is at least 2,500 pairs of shoes, of the approximate value of $2,000, which shoes were and still are a part of the bankrupt estate, and should have been turned over to the trustee, which the bankrupt has failed and refuses to do.

"The petition prayed for an order upon Morris Berkowitz to show cause why he should not deliver to the trustee the said 2,500 pairs of shoes as set forth in said petition.

"An order was made by the referee authorizing the trustee meanwhile to take possession of the shoes at 2207 Ridge avenue and to hold the same until further ordered by the referee.

"The answer to the petition sets forth that the shoes in question were not shoes which had been fraudulently concealed as set forth in the petition, but that they were purchased on the 11th day of April, 1905, subsequent to the adjudication in bankruptcy, from N. Auerbach at 339 Monroe street, by J. Berkowitz, the wife of the said bankrupt, with her own money, which she did not receive from nor through the said bankrupt, her husband.

"A good deal of testimony was taken before the referee, which, however, was not sufficient to establish fraud on the part of the bankrupt as alleged in the petition of Samuel J. Gottesfeld, the trustee who claimed the goods in

question; but, on the contrary, the evidence showed, and the referee so found, that the goods were the property of Jennie Berkowitz, the wife of the said bankrupt, and that they did not belong to the bankrupt's estate. Accordingly the referee dismissed the trustee's petition and made an order upon him to deliver the property in question to the said Jennie Berkowitz, wife of the said bankrupt, which was done.

"Subsequent to this the said trustee filed his account and resigned. Whereupon Harvey P. Gallagher was substituted as trustee.

"That the said substituted trustee on the 29th day of September, 1905, entered an action of replevin in the court of common pleas No. 3 as of September term, 1905, No. 1,317, and in pursuance of said writ of replevin the sheriff took possession of said goods. Whereupon the said Jennie Berkowitz, to whom the goods were awarded by the referee as her property, presented a petition to the referee asking for a restraining order upon the said substituted trustee, restraining him from further proceeding under the writ of replevin issued by him, and that the sheriff of Philadelphia county stay further proceedings under the said writ.

"The order prayed for was granted, and the proceedings were stayed. The substituted trustee then presented his petition to vacate said order, which was refused by the referee. Hence this petition for review."

The error assigned is the referee's refusal to vacate the restraining order that was entered on October 2, 1905, and I am of opinion that the assignment must be sustained. There are two reasons for this conclusion, neither of which seems to have been brought to the attention of the referee. His authority, in general, to issue a restraining order against the sheriff of Philadelphia county, is denied by section 3 of general order 12 (89 Fed. vii; 18 Sup. Ct. vi) which provides that:

"Applications for a discharge, or for the approval of a composition, or for an injunction to stay proceedings of a court or officer of the United States or of a state, shall be heard and decided by the judge. But he may refer such an application, or any specified issue arising thereon, to the referee to ascertain and report the facts."

Unless, therefore, in spite of the general order, the referee's authority can be found in the special grant of power made by clause 3 of section 38a (Bankr. Act July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435]), which permits the referee to "exercise the powers of the judge for the taking possession and releasing of the property of the bankrupt, in the event of the issuance by the clerk of a certificate showing the absence of a judge from the judicial district, or the division of the district, or his sickness or inability to act," or in clause 4, which empowers the referee to "perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided," the restraining order was without the necessary statutory warrant. No such certificate as is contemplated by clause 3 was issued by the clerk, and none could have been lawfully issued, for at least one of the district judges was in Philadelphia, and able to act, when the restraining order in question was made. Unless clause 4 sustains the order, therefore, it cannot be upheld. Upon this point, the text-book writers do not agree. The learned editor of Collier on Bankruptcy (4th Ed., p. 549) questions the validity of General Order 12, § 3,

(89 Fed. vii; 18 Sup. Ct. vi) as a limitation of the power of the referee to grant stays, "especially where the district judge has conferred such power on the referee by section 38a (4)." And, on page 25 of the same treatise, the author says:

"Since Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, it would seem that the referee, being vested with all the functions of a court of bankruptcy save a few, not inclusive of the power to enjoin, may grant permanent injunction orders having all the force of like orders issuing from the judge, and also direct the clerk to issue the writ under the seal of the court."

Loveland (2d Ed.) is of the contrary opinion, holding that the referee can only exercise the power referred to in general order 12 (89 Fed. vii; 18 Sup. Ct. vi) when the judge is absent, sick, or unable to act. Section 22, p. 19; section 29, p. 110; section 90, p. 235. Brandenburg (3d Ed.) § 683, agrees with Collier, but most of the citations he gives are not in point.

As already stated, section 38a (4) of the bankruptcy act gives the referee jurisdiction to "perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy, and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided." If "herein" means the whole act, the power thus conferred upon the referee seems to be qualified by the authority given by section 30 (30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]) to the Supreme Court to prescribe "all necessary rules, forms and orders as to procedure, and for carrying this act into force and effect," which authority has been exercised, inter alia, by section 3 of general order 12 (89 Fed. vii; 18 Sup. Ct. vi). But if "herein" refers to section 38 only, then sections 4 and 5 must be construed together, according to the well-known rule of construction that requires all parts of a statute to be enforced if possible; the result being that the referee can only exercise the powers of the judge "for the taking possession and releasing of the property of the bankrupt" in the event specified in clause 3, by which it is "otherwise provided" than by the general language of clause 4. My own inclination is to think that "herein" refers to the whole statute, including general order 12 (89 Fed. vii; 18 Sup. Ct. vi) by force of the authority given by section 30, and therefore that clauses 3 and 4 of section 4, and section 3 of the general order, should be construed together. This construction authorizes the referee to exercise the power of the judge except in certain specified cases; one of the exceptions being that he may not restrain a court or officer of the United States or of a state, unless there be a pressing necessity to act, to which a certificate of the clerk is the essential prerequisite. The reason for section 3 of general order 12 (89 Fed. vii; 18 Sup. Ct. vi) seems to me to be obvious. The Supreme Court had in mind the dignity of other courts, federal and state, and of other officers, and provided that they might only be interfered with by a tribunal of equal rank, and not by a subordinate official, unless for definitely described reasons action by the

latter should be unavoidable. Judge Lowell discussed the subject to some extent in Re Steuer, 5 Am. Bankr. Rep. 214, 104 Fed. 980, but declined to decide the point. He says there, however, that, by the general order referred to, "it is strongly implied that the referee has some jurisdiction to issue injunctions to any party not an officer of the United States or of a state, unless the injunction stays the proceedings of the court," and in this expression of opinion I fully concur.

But there is another reason equally fatal to the validity of the restraining order. The goods in question had previously been decided by the referee to belong, not to the bankrupt estate, but to the bankrupt's wife, and, if this finding was correct, he had no further power over them. A court of bankruptcy cannot administer the property of a third person, neither can it protect such property from the claims of others. This must be left to the appropriate court of law, or of equity, for the sufficient reason that no jurisdiction over such a subject has been committed to the bankrupt court. Whether, at the trial of the action of replevin, the substituted trustee will be bound by the referee's finding, in the controversy between the first trustee and Julia Berkowitz, that the title to the goods is in her, must be left to the common pleas of Philadelphia county to decide. It would be indecorous for me to express an opinion upon the subject, as the District Court has nothing whatever to do with the litigation in the common pleas between the present trustee and the prima facie owner of the goods in dispute.

The referee's refusal to vacate the restraining order was erroneous, and, accordingly, the restraining order must be set aside.