## JOHN F. WELCH *vs.* STEPHEN O'MEARA.

Suffolk.   March 25, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Police Commissioner.   Police.*

Under St. 1906, c. 291, § 10, which provides that the police commissioner of the city of Boston shall appoint a trial board to hear evidence in such complaints against members of the police force as he may deem advisable to refer to them, that such board shall report its findings to the commissioner who may review them and take such action thereon as he may deem advisable; and further provides that "except as otherwise provided herein, all the powers and duties now conferred or imposed by law upon the board of police . . . are hereby conferred and imposed upon said police commissioner," the police commissioner may hear a complaint against a member of the police force without the trial board being present and thereafter may discharge the police officer against whom the complaint was made.

PETITION, filed February 18, 1907, for a writ of mandamus to compel the police commissioner of the city of Boston to restore the petitioner to his position as a member of the police force.

There was a hearing before *Braley*, J., who found that, while the petitioner was a member of the police force of Boston, he was complained against by a captain of police for assaulting a man whom he was arresting, that there was a hearing before the police ·commissioner, the petitioner with counsel being present but there being no trial board in attendance, and that subsequently the respondent discharged the petitioner from the police force; and that at the time of the complaint against and trial of the petitioner, there was a trial board, duly appointed under St. 1906, c. 291, § 10.

The petition was ordered dismissed and, at the request of the petitioner, the case was reported for consideration and determination by this court.

*W. J. Mayers*, for the petitioner.

*L. A. Rogers*, for the respondent, was not called upon.

KNOWLTON, C. J.   The only question in this case is whether, under the St. 1906, c. 291, § 10, the police commissioner can hear complaints against members of the police force of the city

of Boston, and, after a finding of guilty, discharge the member complained of without referring the complaint to the trial board to hear the evidence and make report. The section is as follows : " The police commissioner shall have authority to appoint, establish and organize the police of said city and to make all needful rules and regulations for its efficiency. He shall from time to time appoint a trial board, to be composed of three captains of police, to hear the evidence in such complaints against members of the force as the commissioner may deem advisable to refer to said board. Said trial board shall report its findings to said commissioner who may review the same and take such action thereon as he may deem advisable. Except as otherwise provided herein all the powers and duties now conferred or imposed by law upon the board of police of the city of Boston, are hereby conferred and imposed upon said police commissioner. All licenses issued by said police commissioner shall be signed by him and recorded in his office." This trial board is to act only upon such complaints as the commissioner deems it advisable to refer to it. This provision shows that the commissioner may hear complaints and act upon them without such a reference. This board cannot finally dispose of a case, but it can only report its findings to the commissioner. The right of the commissioner to " review the same and take such action thereon as he may deem advisable " includes the right to set them aside for good cause, and to make others upon a proper hearing, and then to take further action. The power to hear and determine everything under such complaints was given to the board of police by the former statute, and by this section it is given to the police commissioner. The trial board is a tribunal appointed to relieve the police commissioner by hearing the evidence and finding the facts in such cases as he thinks it best to refer to it.

The argument of the petitioner is founded largely upon an assumption that the word " herein," in this section, means in § 10, and not in the statute generally. Giving the word this meaning, he contends that the requirement of a trial board is a provision " otherwise " which prevents the commissioner from exercising the power formerly belonging to the board of police to hear complaints without the aid of a trial board. This is an error. If all the powers and duties conferred or imposed by law

upon the board of police of the city of Boston were conferred or imposed upon said police commissioner, except as otherwise provided in § 10, it would be the duty of the police commissioner to issue licenses for the sale of intoxicating liquors. But this power is conferred upon the licensing board by earlier sections of the statute, and the licensing board, by § 4, is given all the powers formerly conferred upon the board of police, " except as otherwise provided herein." In this section, as in § 10, the word " herein " refers to the chapter and not to the section.

*Petition dismissed.*