## In Re CROW CREEK IRRIGATION DISTRICT.

(No. 4,760.)

(Submitted April 14, 1922.   Decided May 8, 1922.)

[207 Pac. 121.]

*Irrigation   Districts — Extension — Procedure—Constitution—*
*Due Process of Law—Implied Findings—Record on Appeal.*

Irrigation Districts—What Lands may be Included.
　　1.   Under the District Irrigation Statute (Chap. 146, Laws 1909 [secs. 7166–7264, Rev. Codes 1921]) only such lands as will be specially benefited may be included within a proposed district against the will of the owner.

Same — Inclusion of Lands of Nonconsenting Owners — Due Process of Law.
　　2.   Since the inclusion of a tract of land of a nonconsenting owner in an irrigation district and subjection of it to its *pro rata* part of the burden of the expense necessarily incident to the construction of the works and the operation of the system deprives him of his property to the extent of the burden thus imposed, such deprivation can be effected only by due process of law, *i. e.*, he must be afforded adequate opportunity to be heard.

Statutes and Statutory Construction — Division into Sections — How Viewed.
　　3.   The intention of the legislature in enacting a statute may not be gained from the wording of any particular section thereof, but only from a consideration of the Act as a whole, since it was passed as a whole, and its division into sections is merely a matter of convenient reference.

Same—Grant of Powers in Declaratory Sections—Effect on Subsequent Sections.
　　4.   Where in a statute making a grant of powers the scope and extent of the powers granted are once stated in its early and declaratory sections, the character of the grant as thus disclosed controls and interprets all subsequent sections, and the latter will be understood (unless there be words of restriction and limitation therein) as coextensive with and applicable to the full scope and extent of the powers theretofore granted.

Irrigation Districts — Extension — Constitution — Due Process of Law — Statute not Open to Constitutional Objection.
　　5.   *Held*, under the above rules of construction (3 and 4), that section 7189, Revised Codes of 1921, prescribing the procedure for the extension of an irrigation district already created, when the Act is viewed as a whole and liberally construed as provided in section 7262, is not open to the objection that it operates to deny the nonconsenting land owner of his property without due process of law, in that, while providing for a hearing, it makes no provision for granting relief to him.

---

　　2.   Lands which may be included in an irrigation district, see note in Ann. Cas. 1916A, 1222.

Same—Special Finding of Benefit to Included Lands not Required—Implied Findings.
  6. The District Irrigation Act not requiring the district judge to make a special finding that the lands of an objecting land owner are specially benefited by the inclusion of his lands in an extension of the district, such a finding is not necessary, the order extending the boundaries of the district amounting to a finding of every fact necessary to the validity of the order.

Same—Absence of Bill of Exceptions—Evidence—Review—Presumptions.
  7. Where in a proceeding looking to the extension of an irrigation district the evidence heard at the trial was not taken and preserved by the court stenographer as it should have been, and the evidence was not incorporated in a bill of exceptions duly settled and allowed as it might have been so far as obtainable, it will be presumed on appeal, in the absence of the evidence, that the district court heard and determined the question whether appellant's lands were benefited or not.

Appeal and Error—Record—Transmitting Originals Disapproved.
  8. There being no authority of law for the practice of transmitting to the supreme court on appeal the original petition (or complaint) instead of incorporating a copy thereof in the transcript, such practice is expressly disapproved.

*Appeal from District Court, Broadwater County; E. H., Goodman, Judge.*

IN THE MATTER of the application of Adnah M. Kimpton and others for the extension of the boundaries of Crow Creek Irrigation District and for the inclusion of their own and other lands within the district. From an order granting the application, objectors C. E. Adams and others appeal. Affirmed.

*Mr. E. K. Cheadle,* for Appellants, submitted an original and a supplemental brief and argued the cause orally.

Inasmuch as no hearing is required before a judge or other tribunal for a determination whether the lands proposed to be included will be benefited by the irrigation or not, it is submitted that, by the operation of the statute in question, an owner of land is deprived of his property without due process of law. It is held in *Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112, 41 L. Ed. 369, 17 Sup. Ct. Rep. 56, that the Wright Act of the state of California does not deprive the land owner of property without due process of law, but the Wright Act provides for the determination, by

a board of the district, that land included in the district shall be benefited by irrigation from the district's system.

In deciding this case the United States supreme court seems to be influenced by the fact that the supreme court of California has decided the Wright Act to be constitutional. The court uses the following language: "We should not be justified in holding the Act to be in violation of the state Constitution in face of clear and repeated decisions of the highest court of the state to the contrary, under the pretext that we were deciding principles of general constitutional law." This language affords the fair inference that if the supreme court of California had pronounced against the constitutionality of the Wright Act its decision might have been otherwise with reference to the principles involved.

The Wright Act has been upheld many times by the supreme court of California as well as by the supreme court of the United States, but always upon the ground that the Act provides for a determination by the board of supervisors that the land included in an irrigating district will be benefited by such inclusion. That part of the Montana Act which provides for changes in area of districts and is applicable to the case at bar has no such provision, and therefore it is obnoxious. The inclusion of the lands of the appellants in this case within the Crow Creek Irrigation District is a violation of Article III, section 27, of the Constitution of Montana, in that it proposes to take the property of appellants without due process of law by subjecting it to heavy and even confiscatory costs of constructing an irrigating system for the district.

*Messrs. Walsh, Nolan & Scallon,* for Respondents, submitted a brief; *Mr. Wm. Scallon* argued the cause orally.

There is no restriction upon the scope of the hearing provided by section 7189, Revised Codes of 1921. It is evidently the duty of the court in such a case to hear all objections and, particularly, all objections based upon statutory or

constitutional grounds. It is a judicial hearing, and it follows, as a matter of course, that all essential and material matters may be inquired into, including the matter of benefits. (*Embree* v. *Kansas City etc. Road Dist.*, 240 U. S. 242, 60 L. Ed. 624, 36 Sup. Ct. Rep. 317 [see, also, Rose's U. S. Notes].)

The court in the above case expressed the view that where, in proceedings to establish a road district, the statute provided for the hearing of the petition and remonstrances before the county court and provided also that the court should make such change in the boundaries "as the public good may require," this in effect meant that the hearing· should embrace the question of whether lands might reasonably be expected to be benefited. After stating that view, it proceeds to quote from the supreme court of Missouri a declaration in which there is no reference to the words "as the public good may require," and in which it is stated that where the privilege of being heard by remonstrance is given, it follows, necessarily, that any statutory or constitutional ground of objection may be presented, as a matter of right. The case is, therefore, authority for the latter proposition. (See, also, *King* v. *City of Portland*, 184 U. S. 61, 46 L. Ed. 431, 22 Sup. Ct. Rep. 290; *McMillen* v. *Anderson*, 95 U. S. 37, 24 L. Ed. 335.)

The foregoing is the only rational view. Where a hearing is granted without any express restriction, it must be deemed to be a full hearing, and certainly such a hearing as will satisfy constitutional requirements.

The contention regarding the constitutionality of the statute has been disposed of by the cases upholding the constitutionality of this and similar Acts. (*Fallbrook Irr. Dist.* v. *Bradley*, 164 U. S. 112, 41 L. Ed. 369, 17 Sup. Ct. Rep. 56 [see, also, Rose's U. S. Notes]; *O'Neill* v. *Yellowstone Irr. Dist. et al.*, 44 Mont. 492, 121 Pac. 283.)

Where,. after a hearing, lands are included in the district, it follows that there has been an adjudication that the lands would be benefited, even though no special finding to that

effect be made.  (*Embree* v. *Kansas City etc. Road Dist.,
supra; Fallbrook Irr. Dist.* v. *Bradley, supra.*)

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The Crow Creek Irrigation District, in Broadwater county,
was established in February, 1919.  In July, 1920, a petition
in due form, bearing the necessary number of signatures,
was presented to the district court, praying that the boundaries
of the district be extended to include certain lands which were
particularly described.  On the same day an order was made
designating a time and place for hearing, and notice was
given as required by statute.  At the hearing, C. E. Adams,
L. D. Blodgett, E. F. Cobb and the Adams Realty Company,
owners, respectively, of tracts of land described in the peti-
tion, objected in writing to the inclusion of their lands or
any of them.  Upon the conclusion of the hearing the objec-
tions were overruled and an order was entered granting the
prayer of the petitioner and extending the boundaries of the
district.  From that order the objectors appealed.

Our district irrigation statute became effective March 18,
1909 (Chap. 146, Laws 1909).  With some slight amendments
and additions it has been carried forward and is now com-
prised in sections 7166–7264, Revised Codes of 1921.  The stat-
ute deals generally with the organization of irrigation dis-
tricts, the powers and duties of the governing boards, the
extension of the boundaries of existing districts, the construc-
tion of necessary irrigation works, the acquisition of rights
of way and other properties, the issuance of bonds, the levy
and collection of special assessments, the dissolution of dis-
tricts, and some miscellaneous matters of procedure.  In its
general legislative plan, our statute is modeled after the Wright
law of California (*O'Neill* v. *Yellowstone Irr. Dist.*, 44 Mont.
492, 121 Pac. 283), the constitutionality of which has been
established by numerous decisions of the California court
and by the decision of the supreme court of the United States

in *Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112, 41 L. Ed.
369, 17 Sup. Ct. Rep. 56 [see, also, Rose's U. S. Notes]. By
our statute the legislature has not designated any particular
district as subject to the provisions of the Act and has not
assumed to determine the character or quality of any specific
lands which may be included in a given district. It goes no
further than to prescribe the conditions which must exist in
order to permit the inclusion of any lands. It declares that
all included lands must be susceptible of irrigation from the
same general source and by the same general system of
works (sec. 7166), but the existence of these facts alone is
not sufficient to authorize the inclusion of particular lands
against the will of the owner. Section 7169 declares: "Nor
shall any lands which will not, in the judgment of the court,
be benefited by irrigation by means of said system of works,
nor shall lands already under irrigation, nor lands having
water rights appurtenant thereto, nor lands that can be irri-
gated from sources more feasible than the district system, be
included within such proposed district, unless the owner of
such lands shall consent in writing to the inclusion of such
lands in the proposed district." In other words, the funda-
mental principle which underlies the statute is that only such
lands as will be specially benefited may be included against
the will of the owner or owners.

In this proceeding the validity of the Act in its entirety is
[1, 2] not assailed, but it is contended that the enforcement
of the provisions for the extension of the boundaries of an
existing district operates to deprive the nonconsenting land
owner of his property without due process of law, and this
objection has its foundation in the assumption that the statute
does not provide for any hearing upon, or determination of,
the question: Will the lands included in the extended area
reap any benefit from the improvement? It will be conceded
at once that the inclusion of a particular tract of land and
subjecting it to its *pro rata* part of the burden of the expense
necessarily incident to the construction of the works and the

operation of the system will deprive the nonconsenting owner of his property to the extent of the burden thus imposed; that such deprivation can be effected only by due process of law, and that due process of law contemplates that the owner must first be afforded adequate opportunity to be heard.

Counsel for appellants directs his attack to the provisions [3, 4] of section 7189, and it may be true that, if that section be segregated from the other portions of the statute and considered alone, some basis might be found for the contention advanced, but the statute consists of numerous sections, all relating to the same general subject—the creation, organization, government, and extension of irrigation districts—and it is an elementary rule of statutory construction that, in ascertaining the intention of the legislature, the statute must be considered in its entirety. The reason for the rule is manifest. A statute is passed as a whole and not in parts or sections, and the division into sections is merely a matter of convenient reference. (25 R. C. L. 1009.) It is true that section 7169 appears early in the statute and relates primarily to the organization of a district, but it declares the general policy of the law. Again: "It is a general rule in the construction of statutes that when in the early and declaratory sections the scope and extent of the power and privileges granted are once stated, the character of the grant as thus disclosed controls and interprets all subsequent sections, and it is unnecessary in each subsequent section to restate or use words and expressions which will fully disclose the extent of those powers and privileges; but these subsequent sections will be understood (unless there be words of restriction and limitation therein) as coextensive with and applicable to the scope, and the full scope and extent, of the powers theretofore granted." (*Talbott* v. *Silver Bow County,* 139 U. S. 438, 35 L. Ed. 210, 11 Sup. Ct. Rep. 594.)

Section 7189, which has to do directly with the extension [5] of the boundaries of an existing district, provides that a petition for such extension must be filed with the district

court, a time designated for hearing, due notice given, and a public hearing had. The statute then proceeds: "At such public hearing, the district court shall hear those who may desire changes made in the proposed extension, and all those whose lands are included or sought to be included in the district, and all other persons whose rights may be affected by the proposed extension. * * * The court shall make an order either granting or denying said petition. * * * The order * * * shall be final and conclusive * * * unless appealed from to the supreme court within ten days from the entry of the order." There are not any words of restriction or limitation employed. Provision is made for the hearing in the most general terms, and any objections which would be valid as against the inclusion of particular lands in the district upon its creation are equally valid as against their inclusion upon an extension of the boundaries of the district. This is the reasonable interpretation of the language and avoids the conclusion that the legislative assembly provided for a hearing but did not intend that any relief might be obtained thereby. (*Embree* v. *Kansas City Road Dist.*, 240 U. S. 242, 60 L. Ed. 624, 36 Sup. Ct. Rep. 317 [see, also, Rose's U. S. Notes].) The statute provides its own rule of interpretation. Section 7262 declares: "The object of this Act being to secure the irrigation of lands of the state, and thereby to promote the prosperity and welfare of the people, its provisions shall be liberally construed so as to effect the objects and purposes herein set forth." With the construction thus given to the statute, it is apparent that ample opportunity is afforded the nonconsenting land owner to be heard before his lands are included in the district and for a review of the proceedings on appeal. It follows that the statute is not open to the objection now urged against it. (*Hagar* v. *Reclamation Dist.*, 111 U. S. 701, 28 L. Ed. 569, 4 Sup. Ct. Rep. 663; *King* v. *Portland*, 184 U. S. 61, 46 L. Ed. 431, 22 Sup. Ct. Rep. 290 [see, also, Rose's U. S. Notes];

*Billings Sugar Co.* v. *Fish,* 40 Mont. 256, 135 Am. St. Rep. 642, 20 Ann. Cas. 264, 26 L. R. A. (n. s.) 973, 106 Pac. 565.)

The fact that the trial court did not make a special finding [6] to the effect that the lands of these objectors will be specially benefited by being included in the district is not of any consequence. The statute does not require such a finding either in the order creating a district or in the order extending the boundaries of an existing district, but the order creating the district in the one instance, or extending its boundaries in the other, amounts to a finding of every fact necessary to the validity of the order. (*Fallbrook Irr. Dist.* v. *Bradley,* above.)

Section 7255 declares: "The rules of pleading and practice [7] provided by the Code of Civil Procedure which are not inconsistent with the provisions of this Act, are applicable to all actions or proceedings herein provided for."

It appears that the evidence heard by the trial court was not taken and preserved by the court stenographer as it should have been, but this irregularity did not deprive the objectors of the right to have the evidence, so far as it was obtainable, settled in a bill of exceptions. However, such bill of exceptions was not settled in the court below, and therefore the evidence is not before us for consideration. Assuming, as we must, that the trial court heard and determined the question of benefits or no benefits, it does not appear that any reversible errors were committed.

As observed heretofore, the proceedings for the extension of the boundaries of an existing district are initiated by filing a petition with the district court. Such a petition performs the [8] same office in this proceeding as does a complaint in a civil action, and a review of the order granting the petition must necessarily involve consideration of the petition itself. The transcript on appeal does not contain a copy of the petition but the original petition has been transmitted to this court for our consideration. There is no authority for this practice, and we expressly disapprove it. However, we have ex-

amined the record and determined the principal question presented.

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. JUSTICE REYNOLDS, disqualified, concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

