[Civ. No. 4713.    Second Appellate District, Division Two.—August 1, 1924.]

SAN GABRIEL COUNTY WATER DISTRICT (a Corporation), Petitioner, v. F. R. RICHARDSON, Respondent.

[1] Statutory Construction — Intent of Legislature — Constitutional Law—Legal Presumption.—The courts will never, if it can be avoided, impute to the legislature an intent to enact a law that is contrary to the constitution; and if a particular construction has the effect to declare the act or any part of it unconstitutional, such construction must be avoided, when it can be fairly done, for the legal presumption is that the legislature could not have so intended.

[2] Id.—County Water District Act—Annexation of Territory—Notice and Hearing.—The expression "in the manner herein provided" contained in section 25 of the county water district act of June 10, 1913, which provides that "any portion of a county or any municipality, or both, may be added to any county water district . . . at any time, upon petition presented in the manner herein provided for the organization of such water district," must be construed to require the same method of notice, public hearing, and protest as that prescribed by section 3 of said act.

[3] Id.—Statute Susceptible of Two Constructions.—If a statute is susceptible of two constructions, one of which is consistent and the other inconsistent with the restrictions of the constitution, it is the plain duty of the court to give it that construction which will make it harmonize with the construction and comport with the legitimate powers of the legislature.

(1) 12 C. J., pp. 787, 790, sec. 220.    (2) 12 C. J., p. 1229, sec. 1006; 40 Cyc., p. 820 (Anno.).    (3) 12 C. J., p. 788, sec. 220.

PROCEEDING in Mandamus to compel the execution of certain county water district bonds.    Writ issued.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher and Norman S. Sterry for Petitioner.

H. S. Farrell for Respondent.

3.    See 5 Cal. Jur. 615; 25 R. C. L. 1001.

CRAIG, J.—This is an original proceeding wherein the petitioner seeks a writ of mandate requiring respondent, as president of the San Gabriel County Water District, to execute certain bonds voted by electors of the district.

Petitioner is a county water district, regularly incorporated under the provisions of the act of June 10, 1913 (Stats. 1913, p. 1049), as amended, providing for the incorporation, organization, and management of county water districts, and the respondent is its president. On December 19, 1922, an election was held, at which time the electors of said district and those residing within a certain described area voted to annex the territory last mentioned; and on April 17, 1923, an election was held wherein all the qualified electors of said consolidated district and those of an additional area also voted for annexation of the latter territory. It is conceded that in each instance the provisions of sections 3 and 25 of said act were complied with; the former section provides for the original incorporation of such districts, and the latter for annexation. Section 25 reads as follows, with our italics:

"25. Any portion of a county or any municipality, or both, may be added to any county water district organized under the provisions of this act, at any time, upon petition presented *in the manner herein provided* for the organization of such water district, which petition may be granted by ordinance of the board of directors of such water district. Such ordinance shall be submitted for adoption or rejection to the vote of the electors in such water district, and in the proposed addition, at a general or special election held as herein provided, within seventy days after the adoption of such ordinance."

The bond election here in controversy was held December 11, 1923, and there is no contention as to the validity of any step of the proceedings therefor, but respondent contends that section 25 does not "either directly or indirectly provide for any hearing by the board of directors or for any opportunity to any property owner to object to the annexation." And it is argued that this section is therefore unconstitutional, in that it provides no "due process" for the taking of property by levying taxes required by such bond issue; that the statute fails to properly provide for annexation, and that the attempted annexations were illegal, the bond election was

participated in by voters residing outside the boundaries of the original water district, and that the bonds were void and of no effect as an indebtedness against the property sought to be taxed.

Petitioner avers that section 3 of said act provides for notice to interested property owners, for objection to original organization, at a hearing publicly held, and for publication of such notice; that inasmuch as section 25 is silent upon this subject, except that it provides for a petition to be *"presented in the manner herein provided,"* the legislature intended thereby to require the same method of notice, public hearing, and protest, as that pursued under section 3, for all the purposes of section 25.

*In re Extension Boundaries of Crow Creek Irr. Dist.,* 63 Mont. 293 [207 Pac. 121], cited by petitioner, presented a similar question, and it was there held under the general rule of construction that the section attacked was not unconstitutional, the court saying:

"A statute is passed as a whole and not in parts or sections, and the division into sections is merely a matter of convenient reference. 25 R. C. L. 1009. It is true that section 7169 appears early in the statute and relates primarily to the organization of a district, but it declares the general policy of the law. . . .

"There are not any words of restriction or limitation employed. Provision is made for the hearing in the most general terms, and any objections which would be valid against the inclusion of particular lands in the district upon its creation are equally valid as against their inclusion upon an extension of the boundaries of the district. This is the reasonable interpretation of the language and avoids the conclusion that the legislative assembly provided for a hearing but did not intend that any relief might be obtained thereby."

To sustain the respondent's theory in the case at bar would be to say that the legislature authorized annexation of new territory to a water district by petition "in the manner herein provided," but intentionally enacted an invalid statute in this respect since there is in section 25 no notice "herein provided." [1] But "the courts will never, if it can be avoided, impute to the legislature an intent to enact a law that is contrary to the constitution. 'If a particular construc-

tion has the effect to declare the act or any part of it unconstitutional, such construction must be avoided, when it can be fairly done, for the legal presumption is that the legislature could not have so intended.' '' (*Estate of Potter,* 188 Cal. 55 [204 Pac. 826].)

The following examples illustrate the latitude allowed in construing the word under consideration, in the instant case as well as the word "hereunder." (*Estate of Pearson,* 98 Cal. 603 [33 Pac. 451], involved a will wherein the testator in the first clause devised certain lands to two aunts, and in the second clause he devised to them also all lands held by him jointly with them, and directed that in the event of one aunt dying during his lifetime, all property of whatever nature "herein bequeathed" should vest in the survivor; but should both die before his death, "the aforesaid property otherwise bequeathed to them shall be sold at public auction, to the highest cash bidder." "Thus clearly indicating," said the supreme court, "that he intended the right of survivorship to extend to other property than that which in the previous portion of the same clause he had devised to his aunts. Nor does his use in this clause of the word 'herein' limit the right of survivorship to the property which he had in that clause devised to them. 'Herein,' as used in legal phraseology, is a locative verb, and its meaning is to be determined by the context. 'It may refer to the section, the chapter, or the entire enactment in which it is used (And. Law Dict.), and this rule is applicable to the construction of a document as well as of a statute." *Pringle* v. *Wilson,* 156 Cal. 313 [24 L. R. A. (N. S.) 1090, 104 Pac. 316], presented for construction a lease, and it was there said:

"Appellant seeks to limit the meaning of this provision by construing its last word 'hereunder' as referring only to liability under the particular clause (13). The word 'hereunder' may, it is true, refer to an entire instrument, or to only a particular part of the instrument in which it appears. *In re Pearsons,* 98 Cal. 603 [33 Pac. 451]. As here used, however, the word would seem necessarily to refer to the entire lease. The clause released both parties from all liability. But no liability was cast upon either party by clause 13 *itself* in the event of a total destruction. The only liabilities mentioned were those existing in the case of a partial

destruction, which is not covered by the latter part of the clause. To read the word 'hereunder' as contended for by appellant would therefore make it meaningless.''

In *Williams* v. *Iron Belt B. & L. Assn.*, 131 N. C. 267 [42 S. E. 607], it was said: '' 'The time herein limited' means, and must mean, the time prescribed elsewhere in the Code, or in statutes amending or passed as substitutes therefor. The plain intent of the statute is to put nonresidents on the same footing as residents, and not to protect them from an action unless they have been for two years exposed to service of summons.'' *In re Berkowitz*, 143 Fed. 598, presented for construction a provision of the bankruptcy law, and a United States district judge of Pennsylvania there said: ''My own inclination is to think that 'herein' refers to the whole statute, including general order 12 (89 Fed. vii; 18 Sup. Ct. vi) by force of the authority given by section 30, and therefore that clauses 3 and 4 of section 4, and section 3 of the general order should be construed together.'' Likewise, in *Welch* v. *O'Meara*, 195 Mass. 541 [81 N. E. 264], where it was sought to nullify a section of a statute for the same reason here presented, the court said: ''The argument of the petitioner is founded largely upon an assumption that the word 'herein,' in this section, means in section 10, and not in the statute generally. . . . This is an error. . . . In this section as in section 10, the word 'herein' refers to the chapter and not to the section.'' *May* v. *Simmons* (C. C.), 4 Fed. 498, 501, and *Ex parte Helton*, 117 Mo. App. 609 [93 S. W. 913], also place the same construction upon the word ''herein,'' in cases involving the question of validity of isolated sections which would require the incorporation of other sections of the same statute in order to render them effective.

[2] Section 3 of the County Water District Act requires a petition signed by at least ten per cent of the number of votes cast at the last general election for governor, setting forth the boundaries of the district, due publication of notice, and notice of the time set for hearing, in order that all persons interested may appear. It is very apparent that the legislature did not deem it necessary to repeat this language in order to make the same mode of procedure applicable to section 25, and therefore provided in the last-named section that additional territory might be added to an existing dis-

trict at any time, "upon petition presented in the manner herein provided for the organization of such water district."
**[3]** "If a statute is susceptible of two constructions, one of which is consistent and the other inconsistent with the restrictions of the constitution, it is the plain duty of the court to give it that construction which will make it harmonize with the constitution and comport with the legitimate powers of the legislature." (*People* v. *Frisbie,* 26 Cal. 135, 139.)

For the reasons herein stated we are of opinion that the annexations to San Gabriel County Water District were legally effected, and that the subsequent bond issue constitutes a valid lien upon said district.

It is ordered that the writ of mandate issue as prayed.

Finlayson, P. J., and Works, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 29, 1924.

All the Justices concurred.